2004 OK 3

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Steven ANGEL, Respondent.**

**No. SCBD 4848.**

Supreme Court of Oklahoma.

Jan. 27, 2004.

### ORDER

¶1 Upon consideration of (1) respondent's affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, by which a request is made that he be allowed to relinquish his license to practice law (cum membership in the Oklahoma Bar Association [Bar]) and (2) complainant's application for order approving resignation,

¶2 THE COURT FINDS AND HOLDS:

¶3 1. During the pendency of disciplinary proceedings against him Steve Angel [respondent] offered, on 4 November 2003, to surrender his license to practice law and to resign from Bar membership.

¶4 2. Respondent's act of surrender and resignation was freely and voluntarily made without coercion or duress. Respondent is fully aware of the legal consequences that will flow from his resignation.[1]

¶5 3. Respondent is aware of pending investigations by the Bar's general counsel into grievances made against him. If proven, these grievances would constitute violations of Rules 1.3 and 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, of Rules 1.1, 1.3, 1.4, 1.5, 1.7, 1.9, 1.16, 5.5, 8.1, and 8.4(a), Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch.1, App. 3–A, as well as of his oath as a licensed Oklahoma lawyer.

¶6 4. The grievances, which are designated in the General Counsel's Office by the indicated prefix and number, contain these client allegations:

DC 02–337 Aside from respondent's failure to return unearned portions of his fee, respondent neglected, failed to communicate with and to provide competent service to Joe M. Beasley, his client.

DC 02–421 Aside from respondent's failure to return unearned portions of his fee, respondent neglected, failed to communicate with and to provide competent service to Larry James Phillips, his client.

DC 03–122 Aside from respondent's failure to return unearned portions of his fee, respondent neglected and failed to communicate with Patrick Keeth, his client. Respondent also failed to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

---

1. Although respondent was being treated for major depression, he concedes that, "this condition does not preclude me from executing this affidavit of resignation."

DC 03–153 Aside from respondent's failure to return unearned portions of his fee, respondent neglected, failed to communicate with and to provide competent service to Giuseppe Marini, his client. Respondent also failed to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–168 Aside from respondent's failure to return unearned portions of his fee, respondent also neglected and failed to communicate with Sylvia Borrego, his client, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–202 Respondent neglected and failed to communicate with Jack Haning, his client, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–209 Respondent neglected and failed to communicate with Dixi Beasley, his client, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–210 Aside from respondent's failure to return unearned portions of his fee, respondent also neglected and failed to communicate with Rick S. Chappel, his client, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–214 Aside from respondent's failure to return unearned portions of his fee, respondent also neglected and failed to communicate with Rosalinn Minh Giang, his client, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–215 Respondent, who received a retainer fee from Dale Sparks, his client, to represent him in a handicap discrimination lawsuit, failed to return the unused portion of the retainer fee as requested by Sparks and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–223 Respondent neglected and failed to communicate with James High, his client. Respondent also failed to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–234 Respondent neglected and failed to communicate with Norma June Yocham–Balsano, his client, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

DC 03–237 Respondent neglected and failed to communicate with Douglas and Bonnie Martinez, his clients, and to respond to the grievance as required by Rule 5.2, Rules Governing Disciplinary Proceedings.

¶ 7 5. Respondent waives any and all of his rights to contest the allegations outlined in his affidavit.

¶ 8 6. Respondent recognizes, understands and agrees that he may not apply for reinstatement of his legal license (and of his membership in the Bar) before the expiration of five (5) years from the effective date of this order.

¶ 9 7. Respondent agrees to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and acknowledges that his license to practice law may be reinstated only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

¶ 10 8. Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions.

¶ 11 9. Costs of this proceeding have been expressly waived by the complainant.

¶ 12 10. Respondent's resignation during the pendency of disciplinary proceedings is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

¶ 13 11. Respondent's name and address appear on the official Bar roster as: Steve Angel, 2601 NW Expressway Suite 500W, Oklahoma City, OK 73112.

¶ 14 THE COURT THEREFORE ORDERS THAT the *resignation* of Steven An-

gel, tendered during the pendency of disciplinary proceedings, *stands approved;* the respondent's name is stricken from the Roll of Attorneys and he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this order; repayment to the Client Security Fund for any money disbursed (or to be disbursed) because of respondent's conduct shall be a condition of respondent's reinstatement; respondent shall comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A; and the complainant's waiver of costs in this cause stands approved.

¶ 15 ALL JUSTICES CONCUR.